**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DEMARIO HUDSON, ) | CASE NO. 1:13CV816 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| TERRY TIBBALS, Warden, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Demario Hudson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In its January 2010 term, the Cuyahoga County Grand Jury indicted Petitioner and his two brothers on three counts of Aggravated Robbery with one and three-year Firearm Specifications, three counts of Kidnapping with one and three-year Firearm Specifications, Theft, Arson and Possessing Criminal Tools.  In a separate Indictment, the May 2010 Cuyahoga County Grand Jury also indicted Petitioner and his brothers on three counts of Aggravated Robbery with one and three-year Firearm Specifications, three counts of Aggravated Burglary with one and three-year Firearm Specifications, four counts of Kidnapping with one and three-year Firearm Specifications and two counts of Gross Sexual Imposition.  In yet another Indictment, during the May 2010 Term, the Cuyahoga County Grand Jury indicted Petitioner and his brothers on two counts of Aggravated Burglary with one and three-year Firearm Specifications, two counts of Aggravated Robbery with one and three-year Firearm Specifications, three counts of Kidnapping with one and three-year Firearm Specifications and two counts of Gross Sexual Imposition

On September 14, 2010, the Cuyahoga County Prosecutor filed a motion to consolidate the Indictments for trial.  On the same day Petitioner and one brother entered guilty pleas to some of the counts in all three cases and Petitioner was sentenced.  Petitioner filed a Notice of Appeal on October 21, 2010.  The Court of Appeals affirmed the trial court's judgment on January 12, 2012.  On February 24, 2012, Petitioner filed a Notice of Appeal in the Supreme Court of Ohio.  On May 23, 2012, the Supreme Court of Ohio dismissed the Appeal as not involving any substantial constitutional question.

Petitioner filed the instant Petition on April 11, 2013, asserting the following

2

grounds for relief:

> **GROUND ONE:**
> THE TRIAL COURT DID NOT COMPLY WITH CRIM. R. 11 AND PETITIONER'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.
>
> **GROUND TWO:**
> THE TRIAL COURT VIOLATED THE PETITIONER'S RIGHT TO DUE PROCESS IN NOT PERMITTING THE PETITIONER TO OBTAIN COUNSEL OF HIS CHOICE OR THE RAMIFICATIONS OF JOINT REPRESENTATION.
>
> **GROUND THREE:**
> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> **GROUND FOUR:**
> THE PETITIONER RECEIVED A DISPROPORTIONATE SENTENCE THAN HIS CO-DEFENDANT.

On June 25, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on October 29, 2014. On February 20, 2015, Petitioner filed Objections to the Magistrate's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable

3

facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In Ground One, Petitioner contends that the trial court did not comply with Ohio Criminal Rule of Procedure 11, and his plea was not knowingly, intelligently and voluntarily made because the trial court failed to thoroughly discuss with him the consequences of his plea. The Magistrate Judge points out that a state court's failure to follow its own rules is not cognizable unless those failures constitute a violation of due process. *Smith v. Anderson*, 632 F.3d 277, 281 (6th Cir. 2011), citing *Ramos v. Rogers*, 170 F.3d 560, 564 n. 2 (6th Cir.1999). In order to determine whether due process requirements were met, the Magistrate Judge thoroughly reviewed the Rule 11 plea colloquy.

It is clear from the record that the trial court met all the requirements of Rule 11. Petitioner was questioned on his background, whether he was under the influence of

4

drugs or alcohol and if he was satisfied with his counsel.  The trial court reviewed each constitutional right being waived and Petitioner indicated he understood everything.  When the trial court questioned Petitioner about any threats or promises made to him, Petitioner indicated he was told his sentence would be twelve years.  The trial court was very explicit in explaining to Petitioner that no such representation or promise was made, that she never discussed any sentence with counsel or the government and Petitioner indicated that he understood.  Petitioner's counsel made it clear to Petitioner and the court that he did not promise any sentence, only that the government would not oppose a twelve year sentence.  Petitioner then entered a guilty plea.

In his objections, Petitioner claims that the "court, the prosecutor, and the defense attorney danced around this issue," however the record is clear that the court clearly and vociferously dispelled the mistaken idea that Petitioner was offered a twelve-year sentence.  All counsel as well as Petitioner voiced their agreement.

In order "[f]or a plea to be knowing and voluntary, a defendant must be aware of the consequences of his plea, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." *Marks v. Davis*, 504 Fed. App'x 383, 385, No. 10-2216 (6th Cir. Nov. 2, 2012), unpublished, citing *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (quotation omitted).  Clearly Petitioner was aware of the relevant circumstance and consequences.  The Court agrees with the Magistrate Judge that no due process violations occurred during the plea colloquy.  Therefore, Ground One is dismissed.

In Ground Two, Petitioner contends that the trial court violated his due process rights by not allowing him to obtain counsel of his choosing and by not

5

explaining the ramifications of joint representation to him. In this case, Petitioner's mother retained the same two attorneys for him and his brother. The Magistrate Judge points out that in *Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), the United States Supreme Court held that state trial courts are required to investigate objections to joint representation. However, the Court limited this duty to investigate in *Cuyler v. Sullivan* when it stated that "nothing in our precedents suggests that the Sixth Amendment requires state courts themselves to initiate inquiries into the propriety of multiple representation in every case." 446 U.S. 335, 346, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The Court noted that defense counsel has an ethical obligation to avoid representation that presents a conflict of interest and to inform the court when a conflict of interest arises. *Id.* Accordingly, since defense counsel is in the best position to determine when a conflict of interest exists or may develop, the Court held that "[a]bsent special circumstances, therefore, trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist." *Id.*

The Court of Appeals addressed this issue on direct appeal and found that it was without merit. Petitioner stated that he was satisfied with counsel's representation when questioned by the trial court, and his Appeal brief stated that this issue only concerned his brother. At no time did Petitioner object to joint representation and at no time did counsel raise a conflict or even a potential conflict arising from said representation.

The Court agrees with the Magistrate Judge that the Court of Appeals determination on joint representation was not contrary to or an unreasonable application of clearly established federal law, and did not result in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the trial court proceeding. Therefore, Ground Two is dismissed.

In Ground One and Ground Three, Petitioner contends that counsel was ineffective. Petitioner argues that his counsel led him to believe that he would receive a twelve-year sentence. Petitioner also argues that counsel should not have represented him and his brother at the same time. The Magistrate Judge concluded that there is no merit to Petitioner's claim of ineffective assistance of counsel.

In order to establish the ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that such performance prejudiced the defense, i.e., that counsel's errors were so serious as to deprive petitioner of a fair trial. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Judicial scrutiny of a counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 689. "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S.Ct. at 785.

The Court of Appeals addressed this claim and found that Petitioner never asserted any dissatisfaction with counsel. The Magistrate Judge thoroughly reviewed the plea hearing which showed that Petitioner's erroneous understanding of a promise of a twelve-year sentence was dispelled on the record. Petitioner did not file a Post-Conviction Petition under Ohio Revised Code § 2953.21 in order to present evidence outside the record pertaining to any discussions he had with counsel. The Magistrate Judge concluded from a review of the record that Petitioner affirmed that he

was satisfied with counsel.

The Court agrees with the Magistrate Judge that the Court of Appeals determination is not contrary to federal law nor an unreasonable determination of the facts. Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner. Therefore, the Court finds no merit to Petitioner's Grounds One and Three asserting the ineffective assistance of trial counsel.

In Ground Four, Petitioner asserts that he received a disproportionate sentence than his co-defendant, and that the Court of Appeals was not relieved of its duty to conduct a disproportionate review analysis merely because a co-defendant's sentence occurred after Petitioner was sentenced. The Court of Appeals found that Petitioner did not raise the issue of proportionality in the trial court and therefore, did not preserve the issue for appeal. The Court of Appeals also noted that Petitioner and the co-defendant were not similarly situated. Petitioner plead guilty to eight first-degree felonies with three, three-year Firearm Specifications, and the co-defendant plead guilty to three felonies with no Firearm Specifications.

The Magistrate Judge points out that even if they were similarly situated, the United States Constitution does not require a proportionality review. *Pulley v. Harris*, 465 U.S. 37, 50-51, 104 S.Ct. 871, 79 L.Ed.2d 29 (1981); *Buell v. Mitchell*, 274 F.3d 337, 368 (6th Cir. 2001). Thus, the only question is whether Petitioner's sentence violates the Eighth Amendment. The United States Supreme Court has held that the Eighth Amendment does not require strict proportionality between a crime and the sentence. *United States v. Marks*, 209 F.3d 577, 583 (6th Cir.2000) (citing *Harmelin v.*

*Michigan*, 501 U.S. 957, 959-960, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)). A sentence that is within the statutory maximum sentence is generally not considered cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

The Court agrees with the Magistrate Judge that Petitioner's sentence was within the range allowed by Ohio statute at that time. Petitioner's sentence is not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court because Petitioner has not been subjected to cruel and unusual punishment. Petitioner's total sentence was not disproportionate to the crimes he committed. Therefore, Ground Four is without merit.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:3/24/2015

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge